# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00731-CR

**Clarence Davis, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT OF LLANO COUNTY
### NO. 12715, HONORABLE R. G. FLOYD, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Clarence Davis was accused by complaint and information of committing deadly conduct. Following a bench trial, the county court found him not guilty of that offense but adjudged him guilty of assault by threat and imposed a $500 fine. In two points of error, appellant urges that the evidence is legally and factually insufficient to sustain the conviction. We agree with appellant that the evidence is legally insufficient and hold as a matter of law that appellant could not be convicted of assault by threat as a lesser included offense. We will reverse the judgment of conviction and render an acquittal.

In October 2004, Mary Ellen Davis, appellant's wife of more than fifty years, filed for divorce. The district court entered a temporary order allowing Mrs. Davis to live in the family

residence located on property just outside the city limits of Llano at 1110 College Street. Under the order, appellant was to live in a garage apartment located on the same property near the house.

The complainant was Clarice Pittman, the Davis' oldest daughter. Pittman testified that on November 3, 2004, she drove to the College Street address and parked inside the gate about fifteen feet from the garage apartment. As she sat in her vehicle waiting for her mother to return home from the grocery store, appellant walked out of the apartment. Pittman testified that appellant was "[p]utting bullets in a gun." Pittman said that appellant then pointed the gun "[r]ight at me." She added, "I've seen my daddy mad lots of times, but the look on his face that day I honestly believe he would have shot me had I not drove off." Pittman testified that she immediately left and drove to a neighbor's house to summon help, then proceeded to the grocery store to stop her mother from returning to her house. Pittman described the gun she saw in appellant's possession as a pistol and, more specifically, a revolver. She acknowledged that she had never known her father to own a pistol, although he owned several rifles. She said that no words were spoken during the incident.

Sylvia Butler testified that Pittman came to her house on the afternoon of November 3 "in a panic." Pittman told Butler that appellant "pulled a gun on me" and asked her to call 911. Pittman then left to find her mother at the grocery store. Shortly after Pittman left, Butler saw appellant drive past her house in his pickup truck. Butler, who had already called 911 to report what Pittman had told her, called again to report that appellant was driving toward town.

Sheriff Nathan Garrett heard the dispatch and shortly thereafter spotted appellant. Garrett followed appellant to the hardware store, where appellant stopped and got out of his truck. Garrett told appellant what had been reported; appellant told Garrett "it didn't happen." Garrett and

2

Lieutenant Jimmy Hopkins followed appellant back to the garage apartment and, with appellant's consent, searched for a revolver matching the description they had been given. They found no pistol. They did find rifles, which appellant allowed them to take for "safekeeping."

Appellant, who was seventy-six at the time, testified that Pittman was "a liar." He said that he had once purchased a pistol for his other daughter, but he testified that he had never owned or kept a pistol and that he did not point a pistol at Pittman as she alleged.

After the evidence was closed and final arguments were made, the court announced its decision:

> The burden of proof is always on the state with any charge, and the Court is troubled by the fact there is no pistol or no pistol was found, none was produced into evidence. I believe some of the testimony or much of the testimony offered by the state has a lot of merit. But I believe reasonable doubt is present.
>
> . . . .
>
> What I'm going to find, Mr. Davis, is that you are guilty of assault which is a Class C misdemeanor under the law.

The written judgment of conviction reflects a conviction for assault by threat.

A defendant cannot be held to answer a charge not contained in the indictment brought against him. *Schmuck v. United States*, 489 U.S. 705, 717-18 (1989). However, in a prosecution for an offense with lesser included offenses, the trier of fact may find the defendant not guilty of the alleged greater offense but guilty of any lesser included offense. Tex. Code Crim. Proc. Ann. art. 37.08 (West 2006). An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

*Id*. art. 37.09. In this case, we must ask if assault by threat is a lesser included offense of the deadly conduct offense alleged in the information and if the evidence is sufficient to warrant appellant's conviction for the lesser offense. We answer both questions in the negative.

Whether an offense is a lesser included offense is a question of law. *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007). To provide the constitutionally required notice to the accused, it must be capable of determination before trial by comparing the elements of the greater offense as alleged in the indictment or information with the elements of the potential lesser included offense. *Id*. at 535-36. In the cause before us, the information alleged that:

• appellant

• recklessly

• engaged in conduct that placed Clarice Pittman in imminent danger of serious bodily injury

• by pointing a gun at Pittman.

4

*See* Tex. Penal Code Ann. § 22.05(a) (West 2003). The elements of assault by threat that could be included in the alleged offense are:

- appellant

- intentionally or knowingly

- threatened Clarice Pittman with imminent bodily injury

- by pointing a gun at Pittman.

*See id*. § 22.01(a)(2) (West Supp. 2006).

Comparing these elements, it can be seen that assault by threat requires proof of facts—appellant intentionally or knowingly threatened the complainant—that were not required to be proved under the deadly conduct information. *See* art. 37.09(1); *Hall*, 225 S.W.3d at 536. Further, the culpable mental state required for assault by threat is greater than the culpable mental state alleged in the information. *See* Tex. Code Crim. Proc. Ann. art. 37.09(3). Finally, assault by threat does not consist of an attempt to commit deadly conduct nor does it differ from the alleged offense only in respect to the degree of injury. *See id*. art. 37.09(2), (4). We hold that assault by threat was not a lesser included offense of the deadly conduct alleged in the information in this case.

Moreover, as the State concedes in its brief, the trial court found that there was a reasonable doubt as to whether appellant wielded a pistol on the afternoon in question. Because there is no evidence that appellant said or did anything else that could be construed as threatening the complainant with imminent bodily injury, the evidence is legally insufficient to support the court's verdict even if assault by threat were a lesser included offense.

Point of error one is sustained.  We reverse the judgment of conviction and render a judgment of acquittal.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Henson

Reversed and Acquittal Rendered

Filed:   October 4, 2007

Do Not Publish